UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS, | No. 2:16-cv-0724 CKD P |
| Plaintiff, | |
| v. | ORDER |
| BRIAN ROBERTS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
2 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
3 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4 Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The allegations in plaintiff's complaint concern parole proceedings. Plaintiff does not state a claim upon which relief can be granted under federal law with respect to any of his allegations.[1] Accordingly, plaintiff's complaint will be dismissed. The court will, however, give plaintiff an opportunity to assert a claim upon which relief can be granted in an amended complaint.

If plaintiff chooses to amend his complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's Constitutional or other federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff is informed that his federal rights with respect to California parole proceedings are very limited and essentially include only the

---

[1] Plaintiff attempts to assert claims arising under California law including libel and slander. However, federal courts generally do not have jurisdiction over such claims. See 28 U.S. § 1330 et sq.

right to be heard at the hearing and a statement of reasons why parole was denied. <u>Swarthout v. Cooke</u>, 562 U.S. 216, 862 (2011). Furthermore, parole board members are absolutely immune from suits for damages with respect to decisions denying parole. See <u>Bermudez v. Duenas</u>, 936 F.2d 1064, 1066 (9th Cir. 1991). Finally, plaintiff cannot bring any claim in a § 1983 action which implies the invalidity of the decision to deny him parole. See <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

Also, plaintiff's amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an

/////

/////

/////

1  amended complaint in accordance with this order will result in a recommendation that this action
2  be dismissed.
3  Dated: October 21, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
thom0724.14

4