UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS, | No. 2:16-cv-0724 CKD P |
| Plaintiff, | |
| v. | ORDER |
| BRIAN ROBERTS, et al., | |
| Defendants. | |

Plaintiff, a California prisoner proceeding pro se, has filed a document the court construes as a request for reconsideration of this court's October 21, 2016 order dismissing plaintiff's complaint with leave to amend. A court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id. at 1263.

Plaintiff does not present newly discovered evidence and there has not been a change in the law. Furthermore, after a de novo review of this case, the court finds that the court did not commit error; thus the court's October 21, 2016 order dismissing plaintiff's complaint with leave to amend is not manifestly unjust. Accordingly, plaintiff's motion for reconsideration will be denied.

1

1   Plaintiff also moves to withdraw consent to magistrate judge jurisdiction. ECF No. 16 at 13. On April 21, 2016, plaintiff consented, under 28 U.S.C. § 636(c), to have all matters in this action heard before a United State Magistrate Judge. ECF No. 5. Reference to a magistrate judge following a party's consent can be vacated upon a showing of extraordinary circumstances by the party. Id. at § 636(c)(4). Plaintiff has not presented extraordinary circumstances suggesting reference to the undersigned, or magistrate judge jurisdiction in general, should be vacated. Therefore, plaintiff's request to withdraw consent will be denied.

Plaintiff also asks for an extension of time to file his amended complaint. ECF No. 16 at 14. Good cause appearing, that request will be granted.

Finally, plaintiff requests appointment of counsel. The court cannot *require* an attorney to represent a plaintiff who cannot pay for the attorney's services. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). However, under the federal in forma pauperis statute, 28 U.S.C. § 1915, the court may *request* that an attorney represent a person unable to afford counsel. 28 U.S.C. § 1915(e)(1). The court will make that request only when there are exceptional circumstances. When determining whether "exceptional circumstances" exist, the court considers, among other things, plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). While the court is aware of the difficulties attendant to litigating an action while incarcerated, circumstances common to most prisoners do not establish "exceptional circumstances." In the present case, the court does not find the required exceptional circumstances at this stage of these proceedings.

/////
/////
/////
/////
/////
/////
/////

2

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 22, 2016 motion for reconsideration is denied.

2. Plaintiff's November 22, 2016 request to withdraw consent to magistrate judge jurisdiction is denied.

3. Plaintiff's November 22, 2016 request for an extension of time is granted.

4. Plaintiff is granted thirty days within which to file an amended complaint.  Plaintiff's failure to file an amended complaint within 30 days will result in dismissal.

5. Plaintiff's November 22, 2016 request for the appointment of counsel is denied.

Dated:  December 5, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
thom0724.mfr