UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS, | No. 2:16-cv-0724 CKD P |
| Plaintiff, | |
| v. | ORDER |
| BRIAN ROBERTS, et al., | |
| Defendants. | |

On October 21, 2016, plaintiff's complaint was dismissed with leave to amend. The deadline for filing an amended complaint was May 17, 2017. On June 1, 2017, the court dismissed this action for plaintiff's failure to file an amended complaint.[1] A review of the court's docket reveals that the court received plaintiff's amended complaint on May 30, 2017, but the complaint was not docketed until after the court issued its dismissal order.

In the amended complaint, plaintiff asserts he placed it in the legal mail collection system at the California Medical Facility on May 20, 2017. Court documents submitted by prisoners are generally deemed filed for the purposes of federal court deadlines on the day the document is given to a prison official for mailing. See Houston v. Lack, 487 U.S. 266, 270-71 (1988). So,

/////

---

[1] Plaintiff has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

while plaintiff's amended complaint was actually filed before this action was dismissed, it was not timely-filed.

Pursuant to Federal Rule of Civil Procedure 6(b) the court can only extend a court deadline after it has expired based upon a showing of excusable neglect. Plaintiff does not explain why he filed his amended complaint three days late, nor does he seek an extension of time.

In any case, granting plaintiff an extension of time to file an amended complaint would be futile because plaintiff's amended complaint fails to state a claim upon which relief can be granted. As plaintiff was informed in the court's October 21, 2016 order, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Plaintiff's original complaint was dismissed for failure to state a claim under federal law. In the dismissal order, plaintiff was informed of the deficiencies in his claims and given an opportunity to correct them in an amended complaint. The court has reviewed plaintiff's amended complaint and finds that it is not different in any material respect from his original complaint and still does not state a claim upon which plaintiff could proceed in this court.[2] At this point, granting leave to amend a second time would be futile.

/////
/////
/////
/////
/////

---

[2] It appears that in his amended complaint, plaintiff asserts for the first time, that he was subjected to ineffective assistance of counsel at parole proceedings. This does not implicate a federal right as the Sixth Amendment only guarantees assistance of counsel "[i]n . . . criminal prosecutions."

2

For all the foregoing reasons, IT IS HEREBY ORDERED that, to the extent plaintiff requests that judgment be vacated in this manner by virtue of the court's receipt of plaintiff's amended complaint, plaintiff's request is denied.

Dated: June 9, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
thom0724.ac