1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSH THOMAS,                              No. 2:16-cv-0724 CKD P

12                      Plaintiff,

13         v.                                  ORDER AND

14   BRIAN ROBERTS, et al.,                    FINDINGS AND RECOMMENDATIONS

15                      Defendants.

16

17         Plaintiff is a California prisoner proceeding pro se with an action for violation of civil

18   rights under 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302

19   pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has consented to have all matters in this action before

20   a United States Magistrate Judge.  See 28 U.S.C. § 636(c).

21         On June 1, 2017, the court dismissed this case because plaintiff failed to file an amended

22   complaint within the time allotted.  On February 23, 2018, the Ninth Circuit reversed and

23   remanded pursuant to Williams v. King, 875 F.3d 500 (9th Cir. 2017) in which the Ninth Circuit

24   held that a magistrate judge does not have the authority to dismiss a case unless all persons or

25   entities identified as a defendant in the operative pleadings have either consented to having all

26   matters before a magistrate judge or been dismissed.  In this case, at the time of dismissal, no

27   defendant had been dismissed, nor had any consented.  This is because dismissal was entered

28   after the court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and any defendants

named in complaint are generally not served prior to screening and are not required to take any action until the court has determined through the screening process that the complaint states an actionable claim against them.

Following remand, the court has reviewed the entire docket in this matter and finds that dismissal of this case is still warranted for reasons which follow. Therefore, the court will direct the Clerk of the Court to assign a district court judge to this case and this court will recommend dismissal.

On June 9, 2017, the court issued an order addressing what the court construed as a request by plaintiff that judgment be vacated:

> On October 21, 2016, plaintiff's complaint was dismissed with leave to amend. The deadline for filing an amended complaint was May 17, 2017. On June 1, 2017, the court dismissed this action for plaintiff's failure to file an amended complaint. [Footnote omitted.] A review of the court's docket reveals that the court received plaintiff's amended complaint on May 30, 2017, but the complaint was not docketed until after the court issued its dismissal order.
>
> In the amended complaint, plaintiff asserts he placed it in the legal mail collection system at the California Medical Facility on May 20, 2017. Court documents submitted by prisoners are generally deemed filed for the purposes of federal court deadlines on the day the document is given to a prison official for mailing. See Houston v. Lack, 487 U.S. 266, 270-71 (1988). So, while plaintiff's amended complaint was actually filed before this action was dismissed, it was not timely-filed.
>
> Pursuant to Federal Rule of Civil Procedure 6(b) the court can only extend a court deadline after it has expired based upon a showing of excusable neglect. Plaintiff does not explain why he filed his amended complaint three days late, nor does he seek an extension of time.
>
> In any case, granting plaintiff an extension of time to file an amended complaint would be futile because plaintiff's amended complaint fails to state a claim upon which relief can be granted. As plaintiff was informed in the court's October 21, 2016 order, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

2

Plaintiff's original complaint was dismissed for failure to state a claim under federal law. In the dismissal order, plaintiff was informed of the deficiencies in his claims and given an opportunity to correct them in an amended complaint. The court has reviewed plaintiff's amended complaint and finds that it is not different in any material respect from his original complaint and still does not state a claim upon which plaintiff could proceed in this court.[1] At this point, granting leave to amend a second time would be futile.

For the reasons articulated in the court's June 9, 2017 order, dismissal is still appropriate, and dismissal will be the recommendation of this court.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 23, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
thom0724.frs

---

[1] It appears that in his amended complaint, plaintiff asserts for the first time, that he was subjected to ineffective assistance of counsel at parole proceedings. This does not implicate a federal right as the Sixth Amendment only guarantees assistance of counsel "[i]n . . . criminal prosecutions."

3