UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSH THOMAS,

    Plaintiff,

v.

BRIAN ROBERTS, et al.,

    Defendants.

No. 2:16-cv-0724 KJM CKD P

ORDER

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 23, 2018, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. For the reasons discussed below, the court finds plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983 and that the defects in his amended complaint could not be cured by further amendment. The court will, therefore, dismiss this action.

1

1    This action is proceeding on plaintiff's first amended complaint, filed May 30, 2017. ECF
2    No. 26. Plaintiff is serving a sentence of 15 years to life in prison following his conviction in or
3    about 1982 on charges of second degree murder. *Id*. at 4. Plaintiff's claims arise from parole
4    consideration hearings conducted in 1991, 1993, 1995, 1997, 2000, 2002, 2004, 2008, 2009,
5    2012, 2015 and 2016. *Id., passim*. The claims fall into several categories. First, plaintiff alleges
6    that findings made at the hearings concerning the supposed callousness and cruelty of his
7    commitment offense are not supported by any evidence and are contradicted by a 2008 state
8    superior court ruling "that there appears to be no evidence to support the that [sic] plaintiff's
9    crime was cruel, heinous, or atrocious. . . ." *Id*. at 5-6. Second, plaintiff alleges that findings that
10   he would pose an unreasonable danger to society if released were not supported by the risk
11   assessments conducted by psychologists or psychiatrists in connection with the parole hearings.
12   *Id*. at 6-7. Third, plaintiff claims that certain defendants failed to correct or expunge false and
13   incorrect findings in his parole record. *Id*. at 9-10. Fourth, plaintiff claims that certain defendants
14   failed to order a transcript needed for consideration at a subsequent hearing and improperly
15   delayed that hearing. *Id*. at 11-15. Plaintiff also apparently alleges that he received ineffective
16   assistance of counsel at his parole hearing. *Id*. at 18. Plaintiff names thirty-two defendants. *Id*. at
17   1-2.

18   Plaintiff's claims implicate the limited due process protections available to prison inmates
19   at parole consideration hearings. In *Swarthout v. Cooke*, 562 U.S. 216 (2011), the United States
20   Supreme Court held that the Due Process Clause of the United States Constitution only
21   guarantees an opportunity to be heard at a parole consideration hearing and a statement of the
22   reasons for denial of parole. *Swarthout*, 562 U.S. at 220. The federal Due Process Clause does
23   not require correct application of the California law requirement that a parole denial be supported
24   by "'some evidence' [that] support the conclusion that the inmate is unsuitable for parole because
25   he or she is currently dangerous" nor does it include a separate federal requirement that a parole
26   denial be supported by "some evidence." *Id.* at 216, 219, 220. Plaintiff's allegations do not
27   support a finding that his limited federal Due Process rights were violated at any of the parole
28   hearings, or by the failure to obtain a transcript of certain proceedings, nor could these defects be

cured by amendment.  Finally, plaintiff has no right to counsel at his parole consideration hearings.  *See Dorado v. Kerr*, 454 F.2d 892, 896-97 (9th Cir. 1972).  Accordingly, any contention that he received ineffective assistance of counsel at any parole consideration hearing does not state a cognizable claim for relief.

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 23, 2018, are adopted to the extent they are consistent with this order;

2. Plaintiff's amended complaint is dismissed; and

3. This case is closed.

DATED:  June 11, 2018.

_____
UNITED STATES DISTRICT JUDGE